JCM/TFH: USAO 2023R00217

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. 23-cr-00125 TDC |
| | * | |
| KEVIN LEE SIMON, JR., | * | (Conspiracy to Distribute and Possess |
|   a/k/a "Delonte Lee Johnson," | * | with Intent to Distribute a Controlled |
|   a/k/a "Sed," | * | Substance, 21 U.S.C. § 846; Forfeiture, |
| BENGI BERNARD KNOX, and | * | 21 U.S.C. § 853) |
| MALIK MARVIN LLOYD, | * | |
| | * | |
| Defendants | * | |
| | * | |
| ******* | | |

USDC- GREENBELT
'23 APR 5 PM 3:36

**INDICTMENT**

**COUNT ONE**
(Conspiracy to Distribute and Possess with Intent to Distribute a Controlled Substance)

The Grand Jury for the District of Maryland charges that:

Between at least in or around December 2022 and continuing through in or around March 2023, in the District of Maryland and elsewhere, the defendants,

KEVIN LEE SIMON, JR.,
a/k/a "Delonte Lee Johnson,"
a/k/a "Sed,"
BENGI BERNARD KNOX, and
MALIK MARVIN LLOYD,

did knowingly combine, conspire, confederate, and agree with each other and with others, known and unknown to the Grand Jury, to distribute and possess with the intent to distribute phencyclidine, commonly known as PCP, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1).

21 U.S.C. § 846

## FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further finds that:

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given to the defendants that the United States will seek forfeiture as part of any sentence in accordance with 21 U.S.C. § 853 as a result of the defendants' convictions under Count One of this Indictment.

### Narcotics Forfeiture

2. Upon conviction of the offense set forth in Count One of this Indictment, the defendants,

**KEVIN LEE SIMON, JR.,**
a/k/a "Delonte Lee Johnson"
a/k/a "Sed,"
**BENGI BERNARD KNOX, and**
**MALIK MARVIN LLOYD,**

shall forfeit to the United States, pursuant to 21 U.S.C. § 853(a), (1) any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of any such offense, and (2) any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such offense.

2. The property to be forfeited includes, but is not limited to: (a) approximately $322 in U.S. Currency seized from defendant Simon during execution of a search warrant at his residence in Washington, D.C. on or about March 29, 2023; and (b) approximately $2,257 in U.S. Currency seized from defendant Knox during execution of a search warrant at his residence in Maryland on or about March 29, 2023.

**Substitute Assets**

3. If any of the property described above, as a result of any act or omission of any defendants,

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or,

    e. has been commingled with other property which cannot be subdivided without difficulty,

the United States shall be entitled to forfeiture of substitute property up to the value of the forfeitable property described above, pursuant to 21 U.S.C. § 853(p).

21 U.S.C. § 853

*Erek L. Barron /cm*
Erek L. Barron
United States Attorney

A TRUE BILL:

**SIGNATURE REDACTED**

Date: 04/05/2023